### WALKER *et al. vs.* GRADY.

1. A bill was filed by a vendor of land against his vendee, praying, among other things, an account and settlement for the balance of purchase money.   The defendant occupied the place by tenant. Questions of waste and of improvements made by defendant were involved.   Special. questions were submitted to the jury, one of them being whether defendant had made any improvements, and of what kind and value.   The jury answered " yes, of a character that was needed :"   .

*Held*, that a proper construction of such answer is that the improvements made were merely necessary repairs, and not of permanent benefit to the place, so as to be set off against complainant's claim.

(*a.*) This construction is made more certain by the fact that the jury found the value of the property to be the same as the amount for which it was sold by the complainant, adding nothing for improvements.

2. Where a grantee of land in a deed made as security contracted to pay to the grantor a sum in cash (besides removing a specified encumbrance from the land) such contract was not fulfilled by paying a part of the cash and paying off a note given by the grantor to a third party with the balance, if such payment was voluntary, and unauthorized by the grantor.

3. The evidence supports the verdict.

Equity.   Verdict.   Debtor and Creditor.   Contracts. Before E. N. BROYLES, Esq., Judge *pro hac vice*.   DeKalb Superior Court.   September Term, 1881.

Grady filed his bill against Walker *et al.* He alleged, in brief, as follows : He owned a place in Dekalb county, which he had leased for a term of years. There was a mortgage on it for $975.00. He agreed with Walker to borrow from him $1,200.00. The amount of the mortgage was to be paid to extinguishing it; the balance to be paid to Grady in cash. As security for this loan, he and his wife joined in a deed to Walker for the place, he taking bond for titles, to be reconveyed on repayment of the money. Instead of complying with his agreement, Walker only paid on the mortgage about $600.00, and paid to complainant about $25.00. By agreement the lease passed to Walker as landlord, with right to collect and keep rents for interest. From poverty, complainant is unable to free the place of incumbrance. Waste has been and is being committed. The prayer was for specific performance ; for injunction against waste; accounting, etc.

Defendant, H. H. Walker, answered, in brief, as follows : Paid off the mortgage, also paid off a note which plaintiff had made to one Mathison for $200.00, at his instance and request, and paid over the remaining $25.00 in cash. Denied waste; set up substantial improvements. Offered to reconvey on payment of what was due him.

The evidence was conflicting, especially as to the authority to pay the Mathison note. The verdict was based on specific questions. One of them and the answer thereto was as follows :

"3rd. Did or not defendant, H. H. Walker, make any improvements on said lands? If so, what is the value of those improvements, and in what did said improvements consist, and the value of each kind ? "

A—" Yes, of a character that were needed."

The jury also found the present value of the place to be $1,200.00; and that Walker lacked $200.00 of paying the $1,200.00 which he was to advance. The chancellor de

creed that the place be sold, that $1,000.00 be paid to Walker, and the balance to Grady.

Defendants moved for a new trial on the ground that the finding above stated was not sufficiently full to form a basis for a decree ; and because the court charged as follows : " A voluntary payment, by H. H. Walker, of the Mathison note, unauthorized by Grady, would not be a compliance with the contract, if the contract was that he was to pay the Wallace mortgage, and pay the balance to Grady in cash ; and if he took up the Mathison note without authority from Grady, it would be your duty to find for the complainant on that point."

The motion was overruled, and defendants excepted.

CANDLER & THOMSON ; W. R. HAMMOND, for plaintiffs in error.

HENRY HILLYER ; L. J. WINN, for defendant.

JACKSON, Chief Justice.

Taking the bill and amendments as found in this record and construing them together, it will be seen that equity is invoked to compel the specific performance of a contract in regard to land, and in the event that cannot be done on account of equitable reasons, then for an account and settlement for balance due from defendant to complainant springing out of the land trade in matters of waste and purchase money due.   The jury returned a specific verdict in response to questions propounded, and found no waste by the defendant, no improvements by him put on the land, except necessary improvements, and a balance of two hundred dollars due from defendant for purchase money with interest from the time it ought to have been paid.   A decree was entered on this verdict for two hundred dollars with interest, to be made by sale of the land.   Whereupon a motion for a new trial was made and overruled, and defendant excepted.

1. Two points are insisted on before us as reasons why the motion should have been granted. The first is that the verdict in answer to the third question is not sufficiently full to render an intelligent decree upon it. The question is in substance did defendant make improvements, and what kind and value, and the answer is, "yes, of a character that was needed." We think that the answer means that the improvements were merely necessary repairs to keep up the place, and of no intrinsic value or permanent benefit to the place, so as to be set off by the defendant, who occupied the land by tenants against the complainant, who sold to him and sued him for account and settlement. This view is strengthened by the fact that the jury found the present value of the land to be $1,200.00, and the price for which complainant sold it to defendant just the same sum, showing no improvements of value put thereon. The verdict in answer to the question is therefore sufficiently full to authorize the decree.

2. The second point is that the court erred in charging to the effect that a voluntary payment by defendant of a note of complainant would not be a compliance with the contract about the land, if he was to pay cash. We see no error in the charge. The evidence of complainant is positive that it was to be cash, that such payment was the very essence of the contract, and though denied by the other side and his testimony, the judge was right to submit the issue of fact to the jury.

The case was tried fairly and fully, the evidence supports the verdict, the verdict the decree, and we decline to disturb either.

Judgment affirmed.